Katessa M. Charles (SBN 146922)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:   (213) 689-0430
*Katessa.Charles@jacksonlewis.com*

Stephanie Joy M. Tanada (SBN 257769)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone:   (949) 885-1360
Facsimile:   (949) 885-1380
*Stephanie.Tanada@jacksonlewis.com*

Attorneys for Defendant
DURHAM SCHOOL SERVICES, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMARA WILHITE,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>DURHAM SCHOOL SERVICES, L.P.;<br>and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO.:  5:22-cv-270<br><br>[San Bernardino Superior Court Case No. CIVSB2130586]<br><br>**DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY)**<br><br>*[Filed concurrently with the Civil Cover Sheet; Declarations in Support of Removal; Corporate Disclosure Statement; Notice of Interested Parties; and Notice of Related Cases]*<br><br>Complaint Filed:　October 22, 2021<br>Trial Date:　　　　Not Set |

1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION, AND TO PLAINTIFF SAMARA WILHITE AND HER ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant DURHAM SCHOOL SERVICES, L.P. ("Durham" or "Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441 to remove this action from the Superior Court of California, in and for the County of San Bernardino, on the grounds of diversity jurisdiction.  In support thereof, Defendant asserts the following:

## DIVERSITY JURISDICTION

1.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

2.    On October 22, 2021, Plaintiff SAMARA WILHITE ("Plaintiff") filed a civil Complaint against the named Defendant in the Superior Court of the State of California, in and for the County of San Bernardino, entitled *SAMARA WILHITE v. DURHAM SCHOOL SERVICES L.P.; and DOES 1 through 50, inclusive*, Case No. CIVSB 2130586.  (Tañada Decl. ¶ 3.)  True and correct copies of the Complaint and Summons are attached as **Exhibits A** and **B**, respectively, accompanying the Declaration of Stephanie J. Tañada in Support of this Removal.

3.    In the Complaint, Plaintiff alleges the following causes of action: (1) Discrimination in Violation of FEHA; (2) Retaliation in Violation of FEHA; (3) Failure to Prevent Discrimination in Violation of FEHA; (4) Retaliation in Violation of Labor Code § 1102.5, *et seq.*; (5) Wrongful Termination in Violation of Public Policy; (6) Failure to Provide Personnel Records Upon Request in Violation of Labor Code § 1198.5; and (7) Failure to Provide Employment Records Upon Request in Violation of Labor Code § 226. (Tañada Decl., Exh. A.)

DEFENDANT'S NOTICE OF REMOVAL

4.     Plaintiff served Defendant Durham with the Summons and Complaint on January 13, 2022, along with a Civil Cover Sheet, Notice of Case Assignment and Notice of Trial Setting Conference.  (Tañada Decl., ¶¶ 4-6.)  True and correct copies of these documents are attached to the accompanying Declaration of Stephanie J. Tañada as **Exhibits C, D** and **E**, respectively.

5.     On January 13, 2022, counsel for Defendant Durham served a Notice of Acknowledgement and Receipt of Service for Defendant Durham.  A true and correct copy of the Notice of Acknowledgement is attached as **Exhibit F** to the accompanying Declaration of Stephanie J. Tañada.

6.     On January 7, 2022, Defendant filed an Answer to the Complaint in the Superior Court of the State of California, County of San Bernardino, asserting a general denial as permitted by California Code of Civil Procedure section 431.30(d) and asserting various affirmative defenses on behalf of Defendant Durham.  (Tañada Decl., ¶ 7.)  A true and correct copy of the Answer is attached to the accompanying Declaration of Stephanie J. Tañada as **Exhibit G**.

7.     As of the date of this Notice of Removal, Exhibits "A" through "G" attached to the accompanying Declaration of Stephanie J. Tañada constitute all of the pleadings and papers received and/or filed by Defendant, and/or currently on file, in this matter, and no further proceedings have occurred in the state court.  (Tañada Decl., ¶ 8.)

8.     This removal is timely because it is filed within thirty (30) days after the service of a copy of Plaintiff's Summons and Complaint, and it thus falls within the time period mandated by 28 U.S.C. § 1446(b).

## REMOVAL BASED ON DIVERSITY JURISDICTION

### Diversity of Citizenship

9.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332,  and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states.

DEFENDANT'S NOTICE OF
REMOVAL

10.     **Plaintiff is, and at all times relevant was, an individual residing in the State of California**.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff filed the Complaint in the Superior Court of the State of California, in and for the County of San Bernardino, alleging that she was a resident of the County of San Bernardino during her employment with Durham.  (Tañada Decl., Exh. A, Complaint, at ¶3: "PLAINTIFF at all times relevant herein was a resident of the County of San Bernardino".)  On that basis, Plaintiff is seeking the protections of the laws of the State of California.  (*Id.*)  Thus, Plaintiff should properly be construed a citizen of the State of California. (*See also*, Tañada Decl., Exh. A, Complaint, at ¶3; Steben Decl., ¶3.)

11.     **Defendant Durham School Services, L.P. is a limited partnership, organized under Delaware law, with its principal place of business in Illinois.** (*See*, Steben Decl., ¶5.)  Durham School Services, L.P. ("Durham") is a limited partnership, organized under Delaware law, with its corporate offices in Lisle, Illinois, and it is composed of two partners:  Durham Holding I LLC and Durham Holding II LLC, both of which are limited liability companies organized under Delaware law with their principal places of business in Lisle, Illinois.  (*Id.*)  The sole member of those limited liability companies is National Express, LLC which is a limited liability company organized under Delaware law with its principal place of business in Lisle, Illinois.  (*Id.*)  The sole member of National Express, LLC is NE Durham UK Limited, which is a corporation organized under the laws of the United Kingdom, with its principal place of business in Birmingham, England.  (*Id.*)

12.     For diversity purposes, a limited liability partnership is a citizen of every state of which its partners are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  In turn, LLCs resemble both partnerships and corporations. LLCs are treated like

partnerships for the purposes of diversity jurisdiction. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")

13.     The presence of Doe defendants has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded").

14.     Thus, under 28 U.S.C. § 1332(c)(1), there is complete diversity of citizenship between the parties.

## AMOUNT IN CONTROVERSY

15.     Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.  28 U.S.C. § 1332(a).  The failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar value upon its claim").  A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum.  *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997). Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of claims for compensatory damages and attorney's fees. *See, e.g., Goldberg v. CPC Int'l, Inc.*, 678

DEFENDANT'S NOTICE OF REMOVAL

F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met").

16.    In determining whether the amount in controversy exceeds $75,000, the Court must presume that the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), *citing Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability"), *citing also Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (*citing Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969)).

17.    The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  The Court may examine the nature of the action and the relief sought, and may take judicial notice of attorneys' fee awards in similar cases.  *See, e.g., Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

18.    Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F.Supp. 332 (S.D. Iowa 1994.)

19.    Here, Plaintiff seeks recovery in the form of: (1) general, special, and compensatory damages; (2) past and future lost income and benefits; (3) emotional distress damages; (4) restitution damages; (5) penalties; (6) declaratory and injunctive relief;

(7) attorneys' fees, costs, and interest; and (8) punitive damages. ( Tañada Decl., Exh. A, Prayer for Relief, 1-10.)

20.   Economic Damages:  Plaintiff alleges that she incurred loss of earnings and other employment benefits.  (*Id.* at ¶¶ 32, 35, 44, 47, 53, 64, 71, and Prayer for Relief (6) and (7).)  The Fair Employment and Housing Act provides for an award to successful plaintiffs of back pay from the time of the unlawful adverse action until the date of judgment. *Salas v. Sierra Chemical Co.*, 59 Cal.4th 407, 420 (2014); *Cloud v. Casey*, 76 Cal.App.4th 895, 909 (1999).  Moreover, economic damages may also include an award of lost future earnings or "front pay," which is the salary and benefits a plaintiff would have earned from the terminated employment after the time of trial.  *Smith v. Brown-Forman Distillers Corp.*, 196 Cal.App.3d 503, 518 (1983).  Front pay is generally measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed, less mitigation.  *Toscano v. Greene Music*, 124 Cal.App.4th 685, 695-97 (2004).  California decisions from the Fair Employment and Housing Commission provide for the recovery of future loss of earnings for one (1) or two (2) additional years.  *Department of Fair Employment and Housing v. Centennial Bancorp*, FEHA Precedent Decision No. 87-03 (1987).  Based on the Complaint and its prayer for relief, Defendant has a reasonable, good faith belief that Plaintiff seeks damages for lost wages in excess of the jurisdictional requirement of $75,000.00, notwithstanding the fact that the Complaint does not specify the dollar amount of special damages being sought, for the following reasons:

       a.   Generally, Plaintiff alleges that she was employed by Defendant Durham from approximately 2010 to October 31, 2019.  (*See* Tañada Decl., Exh. A, Complaint, at ¶¶ 14, 24.)

       b.   At the time National Express ended Plaintiff's employment on or around October 31, 2019, Plaintiff earned approximately $48,096.37 per year, calculated as an average of $1849.86 per bi-weekly paycheck multiplied by 26 pay periods  (Steben Decl., ¶4.)

7

c.   Based on the above monthly salary, and for the approximately 11 months between Plaintiff's October 31, 2019 employment separation and the date of this Notice of Removal, Plaintiff's alleged back pay alone amounts to $109,141.76.

d.   Assuming Plaintiff takes this matter to trial and trial is set for 12 months from the date of this Notice of Removal, Plaintiff would accrue an additional year of back pay in the amount of $48,096.37 and when combined with Plaintiff's lost wages to date of $109,141,76, Plaintiff's total claim for back pay would amount to $157,238.13.

e.   Assuming Plaintiff also recovers front pay for 12 months, or $48,096.37, in addition to back pay, the amount in controversy on economic damages alone is approximately $205,334.50, and will generously exceed the jurisdictional requirement, not including any emotional distress damages or punitive damages.

21.   <u>Emotional Distress Damages</u>:  With respect to her First through Fifth Causes of Action, Plaintiff seeks damages for emotional distress and mental pain and anguish in an unspecified amount.  (*See* Tañada Decl., Exh. A, Complaint, at ¶¶33, 45, 54, 65, 72, and Prayer for Relief, 8).  Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the emotional damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum.  *See, e.g., See, e.g., Aguilar v. LA Metro BP Holding Co., LLC, et al.,* No. BC651278, 2018 WL 7286562 (Los Angeles Sup. Ct., Nov. 20, 2018) (jury awarded $265,000 in general damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination); *Swinton v. Potomac Corp*., 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct., Oct. 25, 2012) (award of $1,250,000 for pain and suffering to employee for disability discrimination action); *Welch v. Ivy Hill Corp.,* No. BC414667,

2011 WL 3293268 (Los Angeles Sup. Ct., Mar. 8, 2011) (award of $1,270,000 in pain and suffering to employee in a discrimination action); *Leimandt v. Mega RV Corp.,* No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct., Feb. 4, 2011) (jury awarded $385,000 in pain and suffering to employee in a discrimination case); *Kell v. AutoZone Inc.,* No. 07A504375, 2010 WL 1347162 (Sacramento Sup. Ct., Jan. 21, 2010) (jury awarded $1,368,675 in damages for wrongful termination and retaliation claims); *see also Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (recognizing that "emotional distress damages in a successful employment discrimination case may be substantial"); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority*, 85 Cal.App.4th 236, 237 (2000) (upholding emotional distress award of $1.3 million in a case alleging retaliation).

22.   Punitive Damages:  With respect to her First through Fifth Causes of Action, Plaintiff seeks to recover punitive damages.  (Tañada Decl., Exh. A, Complaint, at ¶¶34, 46, 55, 66, 73, and Prayer for Relief, 9.)  Although Defendant vigorously denies Plaintiff's allegations that she is entitled to any damages, if Plaintiff were to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000.00 jurisdictional minimum. *Ponce v. Medical Eyeglass Ctr., Inc.,* 2015 U.S. Dist. LEXIS 98517, at *11-12 (C.D. Cal. July 27, 2015) (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

23.   Attorney's Fees:  Plaintiff also seeks to recover attorneys' fees.  (Tañada Decl., Exh. A, Complaint, at Prayer for Relief, 2.)  Attorneys' fees are recoverable to the prevailing party under the Fair Employment and Housing Act. Cal Gov. Code § 12965(b).  Plaintiff's claims for attorneys' fees will likely exceed $75,000.00.  Here, Plaintiff seeks to recover attorney's fees in connection with her First

through Fifth Causes of Action.  (Tañada Decl., Exh. A, Complaint, at Complaint at ¶¶35, 47, 56, 67, 74, and Prayer for Relief, 2.)   Because plaintiffs' attorneys in California regularly seek and obtain attorney fee awards well in excess of $75,000 for successful discrimination and hostile work environment harassment lawsuits, Plaintiff seeks more than $75,000 through her request for attorney's fees alone.  *See Denenberg v. Cal. Dep't of Transp.*, 2007 WL 2827715, Case No. GIC836582 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fee award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094, Case No. BC298898 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926.00 in case alleging discrimination among other claims).  Based on Plaintiff's allegations, it would not be unreasonable to expect that attorneys' fees will exceed the sum of $75,000.00 for Plaintiff through trial.  (*Id.*)

24.   Accordingly, given the amounts of the potential damages at issue as outlined above, Plaintiff's allegations satisfy the jurisdictional prerequisite for amount in controversy, as it cannot be said to a legal certainty that Plaintiff would not be entitled to recover in excess of $75,000 should she prevail.  *Anthony v. Security Pacific Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

25.   For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed by Defendant to this Court, pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## VENUE

26.   Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) because the state action was filed in this District and division, thereby embracing the place where this action is pending.

## NOTICE TO COURT AND PARTIES

34.   Promptly after the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be

given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, in and for the County of San Bernardino.

35.    This Notice of Removal is signed by counsel for Defendant pursuant to Federal Rule of Civil Procedure, Rule 11.

Dated:  February 11, 2022                          JACKSON LEWIS P.C.


                                        By:    /s/ *Katessa M. Charles* _____
                                               Katessa M. Charles
                                               Stephanie J. Tanada

                                               Attorneys for Defendants
                                               DURHAM SCHOOL SERVICES, L.P.

1

### PROOF OF SERVICE

**CASE NAME:**      *SAMARA WILHITE v. DURHAM SCHOOL SERVICES, L.P.*

**CASE NUMBER: 5:22-cv-270**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On February 11, 2022, I served the foregoing document described as:

**DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S NOTICE  OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 AND 1441 (DIVERSITY)**
in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael J. Jaurigue | Attorneys for Plaintiff |
| S. Sean Shahabi | Samara Wilhite |
| Barbara DuVan-Clarke | |
| 300 West Glenoaks Boulevard, Suite 300 | Phone:  818-630-7280 |
| Glendale, CA 91202 | Fax:  818-879-1697 |
| | Email:  sean@jlglawyers.com |
| | barbara@jlglawyers.com |
| | michael@jlglawyers.com |
| | genicis@jlglawyers.com |
| E-service Agreement 1.13.22 | drew@jlglawyers.com |
| | service@jlglawyers.com |

**[X]     BY E-MAIL OR ELECTRONIC TRANSMISSION** - Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address carolina.rangel@jacksonlewis.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]     FEDERAL** - I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 11, 2022, at Irvine, California.

_____
Carolina Rangel

4854-3040-1548, v. 2