1  Katessa M. Charles (SBN 146922)
   JACKSON LEWIS P.C.
2  725 South Figueroa Street, Suite 2500
   Los Angeles, California  90017-5408
3  Telephone:  (213) 689-0404
   Facsimile:  (213) 689-0430
4  *Katessa.Charles@jacksonlewis.com*

5  Stephanie Joy M. Tanada (SBN 257769)
   JACKSON LEWIS P.C.
6  200 Spectrum Center Drive, Suite 500
   Irvine, California 92618
7  Telephone:  (949) 885-1360
   Facsimile:  (949) 885-1380
8  *Stephanie.Tanada@jacksonlewis.com*

9  Attorneys for Defendant
   DURHAM SCHOOL SERVICES, L.P.
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  SAMARA WILHITE, | CASE NO.: 5:22-cv-270 |
| 14           Plaintiffs, | [San Bernardino Superior Court Case No. CIVSB2130586] |
| 15      vs. | |
| 16  DURHAM SCHOOL SERVICES, L.P.; and DOES 1 through 50, inclusive, | **DECLARATION OF STEPHANIE J. TANADA IN SUPPORT OF DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S NOTICE  OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY)** |
| 17 | |
| 18           Defendants. | |
| 19 | |
| 20 | |
| 21 | *[Filed concurrently with the Civil Cover Sheet; Notice of Removal; Declaration of Carrie Steben in Support of Removal; Corporate Disclosure Statement; Notice of Interested Parties; and Notice of Related Cases]* |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | Complaint Filed:    October 22, 2021 |
| 27 | Trial Date:              Not Set |
| 28 | |

1

I, Stephanie J. Tañada, declare and state as follows:

1.      I am an attorney at the law firm, Jackson Lewis P.C., counsel of record for Defendant DURHAM SCHOOL SERVICES, L.P. ("Durham" or "Defendant"), and I am an attorney responsible for representing Defendant in this matter.  I make this declaration in support of Defendant's Notice of Removal.

2.      The following is based on my personal knowledge, and if called as a witness, I could and would competently testify to the facts contained herein.

3.      On October 22, 2021, Plaintiff SAMARA WILHITE ("Plaintiff") filed a civil Complaint against the named Defendant in the Superior Court of the State of California, in and for the County of San Bernardino, entitled SAMARA WILHITE v. DURHAM SCHOOL SERVICES L.P.; and DOES 1 through 50, inclusive (Case No. CIVSB 2130586).  (Tañada Decl. ¶ 3.).  True and correct copies of the Complaint and Summons are attached as **Exhibits A** and **B**, respectively**.**

4.      Plaintiff served Defendant with the Summons and Complaint on January 13, 2022.

   a.  Attached as **Exhibits C, D** and **E** are true and correct copies of a Civil Case Cover Sheet, a Notice of Case Assignment, and the Notice of Trial Setting Conference, respectively, that were also served on Defendant on January 13, 2022.

   b.  Attached as **Exhibit F** is a true and correct copy of the Notice of Acknowledgement and Receipt of Service for Defendant Durham, served on Plaintiff's counsel on January 13, 2022, accepting service on behalf of Defendant Durham.

5.      On January 7, 2022, Defendant filed an Answer to the Complaint in state court, making a general denial as permitted by California Code of Civil Procedure section 431.30(d) and asserting various affirmative defenses on behalf of Defendant Durham.  A true and correct copy of the Answer is attached as **Exhibit G**.

/ / /

DECLARATION OF STEPHANIE J. TAÑADA
ISO  NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.    As of the date of this Declaration, the attached Exhibits "A" through "G" constitute all of the pleadings and papers received and/or filed by Defendant, and/or currently on file, in this matter, and no further proceedings have occurred in the state court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February, 2022 at Redlands, California.

_____
Stephanie J. Tañada
State Bar No. 257769

3

# EXHIBIT A

Michael J. Jaurigue (SBN 208123)
S. Sean Shahabi (SBN 204710)
Barbara DuVan-Clarke (SBN 259268)
**JAURIGUE LAW GROUP**
300 West Glenoaks Boulevard, Suite 300
Glendale, California 91202
Telephone: 818.630.7280
Facsimile: 888.879.1697
service@jlglawyers.com
michael@jlglawyers.com
sean@jlglawyers.com
barbara@jlglawyers.com

Attorneys for PLAINTIFF
SAMARA WILHITE

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 22 2021

LEANNE M. LANDEROS

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

SAMARA WILHITE,

PLAINTIFF,

v.

DURHAM SCHOOL SERVICES, L.P.; and
DOES 1 through 50, inclusive,

DEFENDANTS.

Case No.   **CIV SB 2 1 3 0 5 8 6**

$4350
SC 2021 7082

**COMPLAINT FOR DAMAGES**

1. **DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12940(a) OF THE FAIR EMPLOYMENT AND HOUSING ACT ("FEHA") (SEXUAL ORIENTATION);**
2. **RETALIATION IN VIOLATION OF THE FEHA, SECTION 12940(h), AND (j)(1) (SEXUAL ORIENTATION);**
3. **FAILURE TO DO EVERYTHING REASONABLY NECESSARY TO PREVENT OR CORRECT DISCRIMINATION AND/OR RETALIATION FROM OCCURRING IN VIOLATION OF SECTION 12940 (j), (k);**
4. **VIOLATION OF LABOR CODE SECTIONS 1102.5;**
5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
6. **FAILURE TO PROVIDE PERSONNEL RECORDS UPON REQUEST, CAL. LAB. CODE § 1198.5;**

1

COMPLAINT

CIV SB 2 1 3 0 5 8 6

7.  **FAILURE TO PROVIDE EMPLOYMENT RECORDS UPON REQUEST, CAL. LAB. CODE § 226**

**DEMAND FOR JURY TRIAL**

PLAINTIFF   SAMARA   WILHITE   ("PLAINTIFF").   alleges   and   complains   against DEFENDANTS DURHAM SCHOOL SERVICES. L.P.. and DOES 1 through 50, inclusive, (hereinafter referred to collectively as "DEFENDANTS") as follows:

## I.   JURISDICTION AND VENUE

1.   This Court has personal jurisdiction over each of the DEFENDANTS because they are residents of and/or doing business in the State of California in the County of San Bernardino.

2.   Venue is proper in this Court because the claims arose in the County of San Bernardino where PLAINTIFF worked for DEFENDANTS.

3.   PLAINTIFF at all times relevant herein was a resident of the County of San Bernardino.

4.   The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest, costs, and fees and PLAINTIFF seeks permanent injunctive relief prohibiting DEFENDANTS' unfair business practices.

5.   PLAINTIFF has exhausted all administrative requirements for proceeding with claims under the Fair Employment and Housing Act ("FEHA"). codified at California Government Code, section 12960, *et seq.*, by timely filing administrative complaints with the Department of Fair Employment and Housing ("DFEH") and receiving a Right-to-Sue Letter.  PLAINTIFF filed the operative administrative complaint with DFEH on or around October 21, 2021.  A true and correct copy of PLAINTIFF's administrative complaint is attached hereto as **Exhibit 1**. PLAINTIFF received a Notice of Case Closure and Right-to-Sue letter dated October 21, 2021.  A True and correct copy of PLAINTIFF'S Right-to-Sue Letter is attached hereto as **Exhibit 2**.

## II.   PARTIES

6.   DEFENDANTS employed PLAINTIFF and exercised control over PLAINTIFF'S wages, hours, and working conditions.

7.   DEFENDANT DURHAM SCHOOLS SERVICES. L.P. (hereinafter "EMPLOYER DEFENDANT") at all times relevant herein, was and is conducting business in the State of California, in

COMPLAINT

CIV SB  2 1 3 0 5 8 6

the County of San Bernardino at 1355 South East St., San Bernardino CA 92408.

8.      At all times relevant herein, PLAINTIFF was employed by DEFENDANTS in the County of San Bernardino, California in facilities located at 1355 South East St., San Bernardino CA 92408.

9.      The true names and capacities of the DEFENDANTS named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF who therefore sues such DEFENDANTS by fictitious names pursuant to California Code of Civil Procedure section 474. PLAINTIFF is informed and believes that all of the Doe DEFENDANTS are California residents. PLAINTIFF will amend this Complaint to show such true names and capacities when they have been determined.

10.     PLAINTIFF is informed and believes that at all times relevant herein, each of the DEFENDANTS designated, including Does 1 through 50, was the agent, managing agent, principal, owner, partner, joint venturer, representative, manager, servant, employee and/or co-conspirator of each of the other DEFENDANTS; and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each of the DEFENDANTS designated herein.

11.     PLAINTIFF is informed and believes and thereon alleges that at all relevant times each of the DEFENDANTS was the integrated enterprise, joint employer of PLAINTIFF and was engaged with some or all of the other DEFENDANTS in a joint enterprise for profit, and bore such other relationships to some or all of the other DEFENDANTS so as to be liable for the conduct of them. PLAINTIFF performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as employers, either directly or indirectly, and of the manner in which DEFENDANTS' business was conducted.

12.     PLAINTIFF is further informed and believes and thereon alleges that all DEFENDANTS acted pursuant to and within the scope of the relationships alleged above, that all DEFENDANTS knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other DEFENDANTS and that all DEFENDANTS acted pursuant to a conspiracy and agreement to do the things alleged herein.

COMPLAINT

CIV SB 2 1 3 0 5 8 6

13.    PLAINTIFF makes the allegations in this complaint without any admission that, as to any particular allegation, PLAINTIFF bears the burden of pleading, proof, or persuasion, and PLAINTIFF reserves all of PLAINTIFF's rights to plead in the alternative.

### III.    FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14.    EMPLOYER DEFENDANT hired PLAINTIFF as a bus driver in or around 2010, and she was then promoted to the position of dispatcher sometime in or around 2016.

15.    In or around January 2018, PLAINTIFF, a woman, began dating one of her coworkers, Lupe Chavez, who is also a woman.

16.    One of PLAINTIFF's supervisors, MATTHEW CEREGHINO (hereinafter "CEREGHINO"), learned of PLAINTIFF's relationship with Lupe Chavez sometime thereafter in 2018. Only after learning of PLAINTIFF and Lupe Chavez's same-sex relationship, CEREGHINO began singling PLAINTIFF out and began treating PLAINTIFF less favorably than other coworkers by subjecting PLAINTIFF to routine harassment, undue scrutiny of PLAINTIFF'S work performance, and other regular and improper behavior CEREGHINO directed towards PLAINTIFF.

17.    The direct harassment included egregious examples such as in late 2018, soon after learning of PLAINTIFF and Lupe Chavez's relationship, CEREGHINO yelled at PLAINTIFF in front of all of PLAINTIFF'S colleagues and called PLAINTIFF "stupid." PLAINTIFF had not experienced treatment such as this until after CEREGHINO learned of PLAINTIFF'S same-sex relationship.

18.    Additionally, soon after CEREGHINO learned of PLAINTIFF'S same-sex relationship, CEREGHINO increased PLAINTIFF'S work-load drastically, both in comparison with PLAINTIFF'S own workload prior to CEREGHINO finding out about PLAINTIFF'S same-sex relationship, and in comparison with coworkers similarly situated to PLAINTIFF after CEREGHINO found out about PLAINTIFF'S same-sex relationship.

19.    For example, CEREGHINO would schedule PLAINTIFF to open DEFENDANTS' facility by herself, a duty that was typically handled by up to three or four employees. This included unlocking the building, turning on computers, collecting and preparing the routes sheets for bus drivers, answering the phones, getting coverage for drivers who called off that day and passing out keys to drivers. These tasks, in total, were not designed to be handled by a single employee at one time, but DEFENDANT

CIV SB 2 1 3 0 5 8 6

1 CEREGHINO assigned them to PLAINTIFF anyway, only after CEREGHINO learned about

2 PLAINTIFF'S same-sex relationship.

3    20.    As an example of some of the unfair scrutiny and pretextual discipline CEREGHINO

4 directed at PLAINTIFF after he learned of PLAINTIFF'S same—sex relationship, in September of 2019,

5 on information and belief, CEREGHINO instructed Kathy Bourland, another one of PLAINTIFF's

6 supervisors, to write PLAINTIFF up for failing to show up for PLAINTIFF'S shift, despite the fact that

7 PLAINTIFF had obtained prior approval from Ms. Bourland to take the day off.   CEREGHINO then

8 instructed Ms. Bourland to make the write-up a "final warning" despite the fact that PLAINTIFF had no

9 prior write-ups.

10    21.    PLAINTIFF reported CEREGHINO's treatment of PLAINTIFF to Human Resources.

11 PLAINTIFF also contacted Human Resources and left messages to follow up on PLAINTIFF'S

12 complaints.

13    22.    After PLAINTIFF did not hear from the Human Resources representatives PLAINTIFF

14 initially contacted, PLAINTIFF emailed higher level human resources representatives regarding ongoing

15 complaints regarding CEREGHINO's harassment and discrimination of PLAINTIFF.    Plaintiff's

16 complaints were ignored by DEFENDANTS and nothing was ever done in response.

17    23.    Sometime in or around late October 2019, CEREGHINO claimed to have received an email

18 from the transportation department purportedly reporting that PLAINTIFF had a bad attitude and placed

19 PLAINTIFF on administrative leave pending an investigation.

20    24.    About one week later, on or around October 31, 2019, DEFENDANTS terminated

21 PLAINTIFF's employment.

22    25.    PLAINTIFF was not terminated for any legitimate reason, but because of PLAINTIFF'S

23 sexual orientation/perceived sexual orientation, and because PLAINTIFF complained to Human

24 Resources about how CEREGHINO treated her, all in violation of the law.

25 ///

26 ///

27 ///

28 ///

5
COMPLAINT

CIV SB 2 1 3 0 5 8 6

**FIRST CAUSE OF ACTION**

DISCRIMINATION IN VIOLATION OF

GOVERNMENT CODE § 12940(a) [FEHA] (SEXUAL ORIENTATION)

(By PLAINTIFF As Against EMPLOYER DEFENDANT and Does 1 – 50)

26.     PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set forth herein by reference.

27.     At all times herein mentioned the Fair Employment and Housing Act ("FEHA" hereinafter) was in full force and effect and were binding on EMPLOYER DEFENDANT since they employed more than five employees. These statutes required the EMPLOYER DEFENDANT to refrain from discriminating against any employee on the basis of their gender.

28.     During PLAINTIFF'S employment, EMPLOYER DEFENDANT, through their owners, supervisors, managers, and employees have engaged in intentional actions that resulted in PLAINTIFF being treated less favorably because of her sexual orientation.

29.     PLAINTIFF'S protected status under the FEHA is PLAINTIFF's sexual orientation.

30.     The DEFENDANTS knew, perceived, and/or believed that PLAINTIFF had the aforementioned protected status, described hereinabove.

31.     PLAINTIFF believes and thereon alleges that her sexual orientation was a substantial and motivating factor in the EMPLOYER DEFENDANT'S discrimination against her, including but not limited to her termination.

32.     As a proximate result of the EMPLOYER DEFENDANT'S willful, knowing and intentional discrimination against PLAINTIFF, PLAINTIFF has sustained and continues to sustain substantial losses in earnings and other employment benefits.

33.     As a proximate result of the EMPLOYER DEFENDANT'S willful, knowing, and intentional discrimination against PLAINTIFF, she has suffered and continues to suffer humiliation, emotional distress, and pain and anguish, all to her damage in a sum according to proof.

34.     In doing the acts herein alleged, EMPLOYER DEFENDANT acted despicably, with oppression, fraud, malice, and in conscious disregard of PLAINTIFF'S rights. Accordingly, EMPLOYER

///

6

CIV SB 2 1 3 0 5 8 6

1    DEFENDANT is liable to PLAINTIFF for exemplary damages appropriate to punish and make an

2    example of EMPLOYER DEFENDANT in an amount according to proof at trial.

3         35.    The above-described acts and conduct by EMPLOYER DEFENDANT proximately caused

4    PLAINTIFF damages and injury in an amount to be proven at trial. Plaintiff is entitled to recover economic

5    and noneconomic damages and is also entitled to reasonable attorney's fees and costs pursuant to

6    Government Code section 12965.

7                                    **SECOND CAUSE OF ACTION**

8    **RETALIATION IN VIOLATION OF THE FEHA, GOVERNMENT CODE SECTION 12940(h),**

9                     **AND 12940(j)(1) (SEXUAL ORIENTATION)**

10        **(By PLAINTIFF as against EMPLOYER DEFENDANT and DOES 1 – 50)**

11        36.    PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint,

12   as if fully set forth herein.

13        37.    The FEHA, codified in Government Code §§ 12940(h) et seq., makes it unlawful for an

14   employer to discriminate, discharge, or retaliate against any employee on the basis that the employee has

15   complained about and/or opposed discrimination, as well as any employee who has provided assistance

16   in complaining about discrimination.

17        38.    At all times herein mentioned, Government Code § 12940(k) required EMPLOYER

18   DEFENDANT to take all reasonable steps necessary to prevent discrimination in the workplace.

19        39.    At all times herein mentioned, Government Code § 12940(j) required EMPLOYER

20   DEFENDANT to take immediate and appropriate corrective action if they knew or reasonably should

21   have known about the discriminatory conduct of CEREGHINO.

22        40.    During the course of PLAINTIFF'S employment with EMPLOYER DEFENDANT,

23   PLAINTIFF was subjected to discrimination by CEREGHINO on the basis of her sexual orientation.

24        41.    PLAINTIFF complained directly to her supervisor at EMPLOYER DEFENDANT'S

25   workplace about the harassing conduct of CEREGHINO.

26        42.    EMPLOYER DEFENDANT took adverse actions against PLAINTIFF, including but not

27   limited to terminating PLAINTIFF'S employment.

28   ///

                                                    7
                                              COMPLAINT

CIV SB 2 1 3 0 5 8 6

43.     PLAINTIFF'S reporting of and complaining about harassment and seeking corrective action was a motivating reason for EMPLOYER DEFENDANT'S decision to terminate PLAINTIFF'S employment.

44.     As a proximate result of the wrongful conduct of DEFENDANTS, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

45.     As a proximate result of the wrongful conduct of DEFENDANTS, PLAINTIFF has suffered humiliation, emotional distress, and pain and anguish, all to PLAINTIFF'S damage in an amount according to proof at the time of trial.

46.     In doing the acts herein alleged, EMPLOYER DEFENDANT acted despicably, with oppression, fraud, malice, and in conscious disregard of PLAINTIFF'S rights. Accordingly, EMPLOYER DEFENDANT is are liable to PLAINTIFF for exemplary damages appropriate to punish and make an example of EMPLOYER DEFENDANT in an amount according to proof at trial.

47.     The above-described acts and conduct by EMPLOYER DEFENDANT proximately caused PLAINTIFF damages and injury in an amount to be proven at trial. PLAINTIFF is entitled to recover economic and noneconomic damages and is also entitled to reasonable attorney's fees and costs pursuant to Government Code section 12965.

## THIRD CAUSE OF ACTION

**FAILURE TO DO EVERYTHING REASONABLY NECESSARY TO PREVENT OR CORRECT DISCRIMINATION AND/OR RETALIATION BASED ON SEXUAL ORIENTATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 (j), (k)**

**(By PLAINTIFF As Against EMPLOYER DEFENDANT and Does 1 – 50)**

48.     PLAINTIFF re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

49.     The FEHA, codified in the Government Code section 12940, prohibits an employer or any person from discriminating and/or harassing an employee based on the employee's sexual orientation.

///

///

8

CIV SB 2 1 3 0 5 8 6

50.     Government Code Section 12940(k) makes it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

51.     EMPLOYER DEFENDANT failed to take all reasonable steps necessary to prevent discrimination and/or retaliation from occurring, all in violation of the FEHA.

52.     PLAINTIFF is informed and believes and based thereon alleges that the decision to terminate PLAINTIFF was made and/or ratified by DEFENDANTS' managing agents, officers, and/or directors who were conscious of PLAINTIFF'S right to be free from discrimination based on sexual orientation, but disregarded those rights and acted with the intent to cause PLAINTIFF injury by terminating PLAINTIFF'S employment. EMPLOYER DEFENDANT'S disregard of PLAINTIFF'S statutory rights is in violation of statute and public policy and would be looked down on and despised by reasonable persons.

53.     As a direct and proximate result of EMPLOYER DEFENDANT'S wrongful termination of PLAINTIFF'S employment, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

54.     As a direct and proximate result of EMPLOYER DEFENDANT'S wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress, and pain and anguish, all to PLAINTIFF'S damage in an amount according to proof at trial.

55.     In doing the acts herein alleged, EMPLOYER DEFENDANT acted despicably, with oppression, fraud, malice, and in conscious disregard of PLAINTIFF'S rights. Accordingly, EMPLOYER DEFENDANT is liable to PLAINTIFF for exemplary damages appropriate to punish and make an example of EMPLOYER DEFENDANT in an amount according to proof at trial.

56.     Government Code section 12965(b) permits the court to award reasonable attorneys' fees and costs, including expert witness fees, to a plaintiff that successfully pursues a FEHA claim. PLAINTIFF has and will continue to incur attorneys' fees in the pursuit of this action. As such, PLAINTIFF is entitled to an award of reasonable attorneys' fees and costs.

///

///

COMPLAINT

CIV SB 2 1 3 0 5 8 6

## FOURTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE SECTION 1102.5

## (By PLAINTIFF As Against EMPLOYER DEFENDANT and Does 1 – 50)

57.     PLAINTIFF hereby incorporates by reference each and every paragraph of this complaint, as if fully set herein.

58.     Labor Code section 1102.5(b) forbids an employer from retaliating against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

59.     EMPLOYER DEFENDANT employed PLAINTIFF.

60.     PLAINTIFF made repeated protected complaints, including several complaints to Human Resources about DEFENDANTS' treatment of PLAINTIFF, including CEREGHINO'S discrimination against and harassment of PLAINTIFF.

61.     PLAINTIFF had reasonable cause to believe that the information that PLAINTIFF disclosed to EMPLOYER DEFENDANT constituted violations of the law, such as the California Labor Code and the FEHA.

62.     On or around October 31, 2019, EMPLOYER DEFENDANT, acting through its officers, directors, and/or managing agents, terminated PLAINTIFF'S employment.

63.     PLAINTIFF'S disclosure of what PLAINTIFF reasonably believed to be violations of state laws were contributing factors in EMPLOYER DEFENDANT'S decision to terminate PLAINTIFF'S employment.

64.     As a proximate result of aforementioned adverse employment actions by EMPLOYER DEFENDANT and/or their officers, directors, and managing agents, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

10

COMPLAINT

CIV SB 2 1 3 0 5 8 6

65.     As a proximate result of aforementioned adverse employment actions by EMPLOYER DEFENDANT and/or their officers. directors. and managing agents, PLAINTIFF has suffered humiliation, emotional distress. and pain and anguish. all to PLAINTIFF'S damage in an amount according to proof at the time of trial.

66.     In doing the acts herein alleged. EMPLOYER DEFENDANT acted with oppression, fraud, malice, and in conscious disregard of PLAINTIFF'S rights and PLAINTIFF is therefore entitled to punitive damages in an amount according to proof at the time of trial.

67.     PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial. Cal. Lab. Code § 1102.5 has specifically been amended to allow for attorneys' fees to a plaintiff who successfully brings a whistleblower claim against their employer.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## (By PLAINTIFF As Against EMPLOYER DEFENDANT and DOES 1 – 50)

68.     PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set herein.

69.     As set forth herein. EMPLOYER DEFENDANT wrongfully terminated PLAINTIFF'S employment in violation of various fundamental public policies of the State of California. These fundamental policies are embodied in. *inter alia*. the following statutes, codes, and regulations: Cal. Lab. Code §§ 1102.5, 1102.6, the FEHA. as well as the various fundamental common laws upheld in the State of California.

70.     PLAINTIFF is informed and believes and thereon alleges that EMPLOYER DEFENDANT. acting through managing agents. terminated PLAINTIFF'S employment in violation of the aforementioned fundamental public policies.

71.     As a proximate result of the aforementioned adverse employment actions by EMPLOYER DEFENDANT against PLAINTIFF. PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

///

CIV SB 2 1 3 0 5 8 6

72.    As a proximate result of EMPLOYER DEFENDANT'S wrongful termination of PLAINTIFF'S employment, PLAINTIFF has suffered humiliation, emotional distress, and pain and anguish, all to PLAINTIFF'S damage in an amount according to proof at trial.

73.    In doing the acts herein alleged, EMPLOYER DEFENDANT acted despicably, with oppression, fraud, malice, and in conscious disregard of PLAINTIFF'S rights. Accordingly, EMPLOYER DEFENDANT is liable to PLAINTIFF for exemplary damages appropriate to punish and make an example of EMPLOYER DEFENDANT in an amount according to proof at trial.

74.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE PERSONNEL RECORDS UPON REQUEST

### IN VIOLATION OF CAL. LAB CODE §1198.5

### (By PLAINTIFF as Against EMPLOYER DEFENDANT and DOES 1 – 50)

75.    PLAINTIFF re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

76.    Pursuant to Labor Code Section 1198.5, an employee "has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

77.    PLAINTIFF has requested that EMPLOYER DEFENDANT provide PLAINTIFF with PLAINTIFF'S personnel records pursuant to Cal. Labor Code § 1198.5.

78.    EMPLOYER DEFENDANT failed to provide PLAINTIFF with said records within 30 days of the date of the records request and continue to deprive PLAINTIFF of PLAINTIFF'S personnel records. PLAINTIFF requested PLAINTIFF'S records on or about August 19, 2021, and on or about September 24, 2021, but EMPLOYER DEFENDANT still continue to ignore PLAINTIFF'S request and deprive PLAINTIFF of PLAINTIFF'S personnel records.

79.    Pursuant to Labor Code Section 1198.5(k), PLAINTIFF is entitled to, and hereby seeks to recover from EMPLOYER DEFENDANT, a seven-hundred-fifty-dollar ($750.00) penalty, reasonable attorney's fees, and the cost of bringing this cause of action.

CIV SB 2 1 3 0 5 8 6

80.     Pursuant to Labor Code Section 1198.5(I). PLAINTIFF is entitled to and hereby seeks injunctive relief to obtain compliance with Labor Code Section 1198.5. along with reasonable attorney's fees and the costs of bringing this cause of action.

## SEVENTH CAUSE OF ACTION

## CAL. LAB. CODE 226 – FAILURE TO PROVIDE

## EMPLOYMENT RECORDS UPON REQUEST

**(By PLAINTIFF as Against EMPLOYER DEFENDANT and DOES 1 – 50)**

81.     PLAINTIFF re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

82.     Pursuant to Labor Code Section 226(b), an employer shall afford current and former employees the right to inspect or copy records pertaining to that current or former employee, upon reasonable request to the employer.

83.     PLAINTIFF has requested that EMPLOYER DEFENDANT provide PLAINTIFF with PLAINTIFF'S employment records pursuant to Labor Code Section 226(b). EMPLOYER DEFENDANT has failed to provide PLAINTIFF with said records within twenty-one (21) days of the date of the records request and continues to deprive PLAINTIFF of PLAINTIFF'S employment records. PLAINTIFF requested PLAINTIFF'S records on or about August 19, 2021. and on or about September 24, 2021, but EMPLOYER DEFENDANT still continues to ignore PLAINTIFF'S request and deprive PLAINTIFF of PLAINTIFF'S personnel records.

84.     Pursuant to Labor Code Section 226(f) and (g). PLAINTIFF is entitled, and hereby seeks to recover from EMPLOYER DEFENDANT a seven-hundred-fifty-dollar ($750.00) penalty, reasonable attorney's fees, and the cost of bringing this cause of action.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF prays for relief and judgment against DEFENDANTS and each of them, as follows:**

1.      For any and all legally applicable penalties;

2.      For attorneys' fees and costs of suit. including but not limited to that recoverable under California Labor Code section 1102.5 and Cal. Gov't Code section 12965;

CIV SB 2 1 3 0 5 8 6

3.      A declaratory judgment that the practices complained herein are unlawful and all other proper equitable relief including reinstatement. if proper;

4.      An injunction against EMPLOYER DEFENDANTS enjoining them, and any and all persons acting in concert with them. from engaging in each of the unlawful practices, policies and patterns set forth herein;

5.      For restitution to the full extent permitted by law;

6.      For such general, special, and compensatory damages as may be appropriate, including but not limited to all damages alleged above;

7.      For past and future lost income and benefits;

8.      For emotional distress damages;

9.      For punitive damages; and

10.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: October 22. 2021                         Respectfully submitted,

                                                JAURIGUE LAW GROUP

                                                _Barbara DuVan-Clarke_
                                                Michael J. Jaurigue
                                                S. Sean Shahabi
                                                Barbara DuVan-Clarke
                                                Attorneys for PLAINTIFF
                                                SAMARA WILHITE

COMPLAINT

CIV SB  2 1 3 0 5 8 6

**DEMAND FOR JURY TRIAL**

PLAINTIFF SAMARA WILHITE requests a trial by jury as to all causes of action.

Dated: October 22, 2021

Respectfully submitted,

JAURIGUE LAW GROUP

*Barbara DuVan-Clarke*

Michael J. Jaurigue
S. Sean Shahabi
Barbara DuVan-Clarke
Attorneys for PLAINTIFF
SAMARA WILHITE

15

COMPLAINT

# Exhibit 1

CIV SB 2 1 3 0 5 8 6

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Samara Wilhite

DFEH No. 202110-15157021

Complainant,

vs.

DURHAM SCHOOL SERVICES, L.P.
2601 Navistar Dr.
Lisle, Illinois 60532

Matthew Cereghino
2601 Navistar Dr.
Lisle, Illinois 60532

Respondents

1. Respondent **DURHAM SCHOOL SERVICES, L.P.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Matthew Cereghino** individual as Co-Respondent(s).

3. Complainant **Samara Wilhite**, resides in the City of **Glendale**, State of **California**.

4. Complainant alleges that on or about **October 31, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, gender identity or expression, sexual orientation, association with a member of a protected class.

**Complainant was discriminated against** because of complainant's sex/gender, gender identity or expression, sexual orientation, association with a member of a protected class and as a result of the discrimination was terminated, suspended, denied work opportunities or assignments.

-1-
*Complaint – DFEH No. 202110-15157021*

Date Filed: October 21, 2021

DFEH-ENF 80 RS

1   **Complainant experienced retaliation** because complainant reported or resisted any form
    of discrimination or harassment and as a result was terminated, suspended, denied work
2   opportunities or assignments.

3

4   **Additional Complaint Details:** RESPONDENT DURHAM SCHOOL SERVICES, L.P.
    (hereinafter, RESPONDENT DSS") hired COMPLAINANT SAMARA WILHITE (hereinafter,
5   "COMPLAINANT") as a bus driver in or around 2010 and she was then promoted to the
    position of dispatcher sometime in or around 2016.
6
    On or around January, 2018, COMPLAINANT, a woman,  began dating one of her co-
7   workers, Lupe Chavez, who is also a woman.  One of COMPLAINANT'S supervisors,
    RESPONDENT MATTHEW CEREGHINO (hereinafter, "RESPONDENT CEREGHINO"),
8   learned of COMPLAINANT'S relationship with Lupe Chavez sometime thereafter in 2018.
    Upon learning of COMPLAINANT and Lupe Chavez's relationship, RESPONDENT
9   CEREGHINO began singling COMPLAINANT out and began a campaign of harassment,
    discrimination and retaliation against COMPLAINANT on the basis of her sexual orientation.
10
    During this time, COMPLAINANT and RESPONDENT CEREGHINO were aware of
11  heterosexual relationships between RESPONDENTS' employees. However,
    RESPONDENT CEREGHINO's knowledge of these heterosexual employee relationships
12  did not affect RESPONDENT CEREGHINO's treatment of those same employees.

13  Prior to RESPONDENT CEREGHINO learning of COMPLAINANT'S relationship with Lupe
14  Chavez, COMPLAINANT and RESPONDENT CEREGHINO had a cordial and professional
    working relationship. It was only after RESPONDENT CEREGHINO learned of
15  COMPLAINANT'S relationship with Lupe Chavez that his treatment of her changed.   In
    response, RESPONDENT CEREGHINO began increasing COMPLAINANT'S work-load by
16  up to 200% when compared to what it was prior to RESPONDENT CEREGHINO learning of
    COMPLAINANT'S same-sex relationship with Lupe Chavez and when compared with other,
17  heterosexual employees in her position.

18  On or around August 10, 2018, COMPLAINANT reported RESPONDENT CEREGHINO's
19  discriminatory treatment of PLAINTIFF to her supervisor, Amber Judd in Human Resources
    via email.   COMPLAINANT also called Amber Judd a few times and left a voicemail.
20  However, CLAIMANT never received a response from Amber Judd.  On or around August
    29, 2018, after Amber Judd failed to respond to her complaint, COMPLAINANT sent an
21  email to Derrick Petersen, Amber Judd's supervisor, to request a meeting to discuss her
    ongoing complaints regarding RESPONDENT CEREGHINO's harassment and
22  discrimination of COMPLAINANT.  COMPLAINANT'S complaints were ignored by
    RESPONDENTS and nothing was ever done in response.
23
    Sometime in or around late October, 2019, RESPONDENT CEREGHINO claimed to have
24  received an email from the transportation department purportedly reporting that
    COMPLAINANT had a bad attitude and placed COMPLAINANT on administrative leave
25  pending an investigation.

26                                          -2-

    Date Filed: October 21, 2021
28

                                                              DFEH-ENF 80 RS

1

About one week later, on or around October 31, 2019, RESPONDENTS terminated
2    COMPLAINANT'S employment.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -3-
                                *Complaint – DFEH No. 202110-15157021*
27
     Date Filed: October 21, 2021
28

                                                                    DFEH-ENF 80 RS

1   VERIFICATION

2   I, **Michael Jaurigue**, am the **Attorney** in the above-entitled complaint.  I have read
3   the foregoing complaint and know the contents thereof.   The matters alleged are
    based on information and belief, which I believe to be true.
4
    On October 21, 2021, I declare under penalty of perjury under the laws of the State of
5   California that the foregoing is true and correct.

6                                                                       **Glendale, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                            -4-
                              *Complaint – DFEH No. 202110-15157021*
27
    Date Filed: October 21, 2021
28

                                                              DFEH-ENF 80 RS

Exhibit 2



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____ GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2021

Samara Wilhite
300 W. Glenoaks Blvd., Ste 300
Glendale, California 91202

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202110-15157021
Right to Sue: Wilhite / Durham School Services, L.P. et al.

Dear Samara Wilhite:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 21, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 22 2021

RECEIVED

EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* DURHAM SCHOOL SERVICES, L.P.; and DOES 1 through 50, inclusive, | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* **F I L E D** SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT DEC 1 4 2021 *Leanne M Landeros* LEANNE M. LANDEROS |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SAMARA WILHITE

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Civil Division 247 West Third Street, San Bernardino, CA 92415 | CASE NUMBER: *(Número del Caso):* **CIV SB 2 1 3 0 5 8 6** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Jaurigue, JAURIGUE LAW GROUP, 300 W. Glenoaks Blvd., Ste 300, Glendale, CA 91202; Tel: (818) 630-7280

| | | |
|---|---|---|
| DATE: *(Fecha)* DEC 1 4 2021 | Clerk, by *(Secretaria)* LEANNE M. LANDEROS | Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

**Copy**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |

EXHIBIT C

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael J. Jaurigue (208123); S. Sean Shahabi (SBN 204710); Barbara DuVan-Clarke (259268), JAURIGUE LAW GROUP, 300 W. Glenoaks Blvd., Ste 300, Glendale, CA

TELEPHONE NO.: 818.630.7280    FAX NO. *(Optional):* 888.879.1697
E-MAIL ADDRESS: service@jlglawyers.com; michael@jlglawyers.com
ATTORNEY FOR *(Name):* Plaintiff Samara Wilhite

*FOR COURT USE ONLY*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 22 2021

*Leanne Manderos*
LEANNE M. LANDEROS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: Civil Division

CASE NAME:
Samara Wilhite v. Durham Schools Services, L.P., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CIV SB 2130586**<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 22, 2021

Barbara DuVan-Clarke
(TYPE OR PRINT NAME)

► *Barbara DuVan-Clarke*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;

EXHIBIT D

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Samara Wilhite

vs.

Durham Schools Services, L.P., et al.

Case No.
**CIV SB 2 1 3 0 5 8 6**
**CERTIFICATE OF ASSIGNMENT**

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule 131 and General Order of this court for the checked reason:

■ General        ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | _____ |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Place of Business/Place Where Causes of Action Arose          1355 South East St.
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                ADDRESS

San Bernardino                          CA                        92408
CITY                                    STATE                     ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on October 22, 2021 ____ at Glendale, CA _____, California.

*Barbara DuVan-Clarke*
Signature of Attorney/Party

EXHIBIT E



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Wilhite -v- Durham School Services, L.P. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2130586 |

JAURIGUE LAW GROUP
300 WEST GLENOAKS BLVD
STE  300
GLENDALE CA  91202

This case has been assigned to:  Bryan Foster in Department S22 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  06/14/2022  at 9:00 AM in Department S22 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 12/14/2021                                    Nancy CS Eberhardt, Court Executive Officer

By:    _Leanne M Landeros_
Leanne Landeros, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 12/14/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 12/14/2021 at San Bernardino, CA.

_Leanne M Landeros_

By:    _____
Leanne Landeros, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:                                                                    CASE NUMBER:

# INITIAL TRIAL SETTING CONFERENCE STATEMENT

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues**:
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____                    _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY

_____                    _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>**

1.  **Party or parties** (answer one):
    a. ☐ This statement is submitted by party (*name*):
    b. ☐ This statement is submitted jointly by parties (*names*):

2.  **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3.  **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4.  **Description of case** in Complaint:

5.  **Description of case** in Cross-Complaint:

6.  Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7.  Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8.  **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

    ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ **No** ☐ Available dates: _____
    Time estimate: _____

9.  **Other issues**:
    ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____          _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)


_____          _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

EXHIBIT F

**POS-015**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | *FOR COURT USE ONLY* |

NAME: Michael J. Jaurigue (SBN 2018123); S. Sean Shahabi (SBN 204710); Barbara DuVan-Clarke (SBN 259268)

FIRM NAME: JAURIGUE LAW GROUP

STREET ADDRESS: 300 W. Glenoaks Blvd., Ste 300

CITY: Glendale          STATE: CA          ZIP CODE: 91202

TELEPHONE NO.: 818-630-7280          FAX NO.: 888-879-1697

E-MAIL ADDRESS: service@jlglawyers.com; michael@jlglawyers.com; sean@jlglawyers.com; barbara@jlglawyers.com

ATTORNEY FOR (Name): Samara Wilhite

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN BERNARDINO

STREET ADDRESS: 247 W. 3rd St.

MAILING ADDRESS: Same as above

CITY AND ZIP CODE: San Bernardino, 92415

BRANCH NAME: San Bernardino Justice Center

Plaintiff/Petitioner: Samara Wilhite

Defendant/Respondent: Durham School Services, L.P., et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CIVSB2130586 |

TO *(insert name of party being served):* Durham School Services, L.P.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: January 13, 2022

Drew Aron            ▶   *Drew Aron*

(TYPE OR PRINT NAME)            (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*

    1) Summons, 2) Complaint, 3) Civil Case Cover Sheet, 4) Certificate of Assignment and 5) Notice of Trial Setting Conference.

*(To be completed by recipient):*

Date this form is signed: January 13, 2022

Katessa M. Charles            ▶   *Katessa M. Charles*

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED)            (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>*www.courtinfo.ca.gov* |

EXHIBIT G

Katessa M. Charles (SBN 146922)
JACKSON LEWIS P.C.
725 S Figueroa Street, Suite 2500
Los Angeles, CA 90017
Phone:  (213) 689-0404
Fax:      (213) 689-0430
Katessa.Charles@jacksonlewis.com

Stephanie J. Tañada (SBN 257769)
JACKSON LEWIS P.C.
200 Spectrum Drive, #500
Irvine, CA 92618
Phone: (949) 885-1360
Fax:      (949) 885-1380
Stephanie.Tanada@jacksonlewis.com

Attorneys for Defendant
DURHAM SCHOOL SERVICES, L.P.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| SAMARA WILHITE,<br><br>Plaintiff,<br><br>vs.<br><br>DURHAM SCHOOL SERVICES, L.P.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   CIVSB2130586<br><br>[Assigned For All Purposes to the Hon. Bryan Foster, Dept. S22]<br><br>**ANSWER OF DEFENDANT DURHAM SCHOOL SERVICES, L.P. TO PLAINTIFF'S COMPLAINT**<br><br>Complaint: October 22, 2021<br>Trial Date: Not Set |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendant Durham School Services, L.P.") on behalf of itself and for no other defendant, hereby responds to the Complaint for Damages ("Complaint") filed by Plaintiff Samara Wilhite ("Plaintiff") and admit, deny and otherwise plead as follows:

### **GENERAL DENIAL**

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and deny that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Business Judgment)

Defendant alleges that it acted reasonably and in good faith based on all relevant facts and circumstances known at the time, and that all actions taken with regard to Plaintiff were taken for legitimate, good faith, and non-discriminatory/non-retaliatory business reasons.

### SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3600, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

### FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 335.1 and 343, and California Government Code sections 12940, 12960 and 12965.

/ / /

/ / /

### FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's allegations of discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. *State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis)* (2000) 31 Cal.4th 1026.

### SIXTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory or retaliatory behavior.

### SEVENTH AFFIRMATIVE DEFENSE

### (Effective Employer Policies In Place)

Defendant alleges that at all times as set forth in Plaintiff's Complaint, Plaintiff's employer had in place legitimate and effective anti-harassment, anti-retaliation, and anti-discrimination policies.

### EIGHTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Plaintiff's employer are barred by the doctrine of managerial immunity.

### NINTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith & Justified Conduct)

Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

### TENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Plaintiff's employer would have made the same employment decisions toward

Plaintiff in any case for legitimate, non-discriminatory business reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of her employer.

## TWELFTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Offset)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by

*Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Defendant alleges that Plaintiff's claims brought under the Fair Employment and Housing Act are barred because Plaintiff has failed to exhaust her administrative remedies.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Non-Joinder/Misjoinder of Parties)

Defendant alleges that Plaintiff has misjoined or failed to join all potentially responsible parties necessary for a full and just adjudication of the purported claims asserted in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Defendant Took Immediate Steps)

Defendant alleges that, to the extent Plaintiff complained to Defendant about alleged unlawful

treatment, Defendant took immediate and adequate steps to investigate Plaintiff's complaints and to otherwise take appropriate corrective action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Plaintiff's Complaint contains insufficient facts for Defendant to assess all affirmative defenses available to them.  Defendant reserves the right to amend this Answer and add additional defenses or counterclaims that may become known during litigation.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing herein;

2.    For reasonable attorney's fees pursuant to California Government Code section 12965;

3.    For costs of suit herein; and

4.    For such other and further relief as the Court may deem just and proper.


DATED:  February 8, 2022              JACKSON LEWIS P.C.


                                By: _____
                                    Katessa M. Charles
                                    Stephanie J. Tañada

                                    Attorneys for Defendant
                                    DURHAM SCHOOL SERVICES, L.P.

**PROOF OF SERVICE**

**CALIFORNIA SUPERIOR COURT, COUNTY OF SAN BERNARDINO**

**CASE NAME:   *SAMARA WILHITE V. DURHAM SCHOOL SERVICES, L.P., et al.***

**CASE NO.:      CIVSB2130586**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On February 8, 2022, I served the foregoing document described as:

**ANSWER OF DEFENDANT DURHAM SCHOOL SERVICES, L.P. TO PLAINTIFF'S COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael J. Jaurigue, Esq. | ***Attorneys for Plaintiff*** |
| S. Sean Shahabi, Esq. | SAMARA WILHITE |
| Barbara DuVan-Clarke, Esq. | |
| JAURIGUE LAW GROUP | Phone:      818-630-7280 |
| 300 West Glenoaks Boulevard, Suite 300 | Fax:          888-879-1697 |
| Glendale, CA 91202 | E-Mail:       sean@jlglawyers.com |
| | barbara@jlglawyers.com |
| | michael@jlglawyers.com |
| | genicis@jlglawyers.com |
| | drew@jlglawyers.com |
| | service@jlglawyers.com |

**[X]      BY E-MAIL OR ELECTRONIC TRANSMISSION** - Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address carolina.rangel@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]      STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed **February 8, 2022** at Irvine, California.

_____
Carolina Rangel

4872-9132-8265, v. 1

1

## PROOF OF SERVICE

**CASE NAME:     SAMARA WILHITE v. DURHAM SCHOOL SERVICES, L.P.**

**CASE NUMBER: 5:22-cv-270**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On February 11, 2022, I served the foregoing document described as:

**DECLARATION OF STEPHANIE J. TAÑADA IN SUPPORT OF DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY)**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael J. Jaurigue<br>S. Sean Shahabi<br>Barbara DuVan-Clarke<br>300 West Glenoaks Boulevard, Suite 300<br>Glendale, CA 91202 | Attorneys for Plaintiff<br>Samara Wilhite<br><br>Phone:  818-630-7280<br>Fax:  818-879-1697<br>Email:  sean@jlglawyers.com<br>barbara@jlglawyers.com<br>michael@jlglawyers.com<br>genicis@jlglawyers.com<br>drew@jlglawyers.com<br>service@jlglawyers.com |
| E-service Agreement 1.13.22 | |

**[X]     BY E-MAIL OR ELECTRONIC TRANSMISSION** - Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address carolina.rangel@jacksonlewis.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]     FEDERAL** - I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 11, 2022, at Irvine, California.

_____
Carolina Rangel

4868-4598-0172, v. 1

PROOF OF SERVICE